Drainage Commissioners v. Waeltz.

---

# DRAINAGE COMMISSIONERS OF SANTA FE DRAINAGE DISTRICTS

## v.

## MARGARET WAELTZ ET AL.

*Drainage—Wrongful Maintenance of Embankment—Flowage of Farm Lands—Sec. 27, Chap. 42, R. S.*

1. If the declaration in a given case shows no cause of action, and is so defective that it will not sustain a judgment, a reversal of a judgment based thereon will be required, and such infirmity in the declaration can be taken advantage of by assignment of error, as well as by motion in arrest.

2. The notice referred to in the drainage act, "to all persons interested" to appear and present their claims for damages, applies to and affects those owners only whose lands are within a given district.

3. An action will not lie to recover damages from a drainage district, for injuries suffered through the tortious acts of commissioners. To so recover the remedy is against them personally.

[Opinion filed January 15, 1892.]

IN ERROR to the Circuit Court of Clinton County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. M. P. MURRAY, for plaintiffs in error.

Messrs. VAN HOOREBEKE & FORD, for defendants in error.

GREEN, P. J. This action in case was brought by defendants in error against the drainage commissioners of the Santa Fe drainage and levee district, in their corporate and official capacity. It is averred in the declaration "that defendants are a body corporate and politic in control of said drainage district;" that plaintiffs possessed farm lands situated on higher ground, and a short distance from a certain levee or embankment of said district, which it is averred defendants built and maintained in such a wrongful and injurious manner, as to obstruct the natural flow of water from plaintiffs' dominant heritage, and cause the water to flow back thereon and destroy the crops of plaintiffs. The jury returned a verdict for plaintiffs for $202.50 damages, and judgment for that sum and costs of suit was entered. There is no bill of exceptions in this record, hence we have not before us for examination either a motion for a new trial, or in arrest of judgment; counsel for defendants in error therefore insist this court can not examine and pass upon the errors assigned; but our Supreme Court have held, if the declaration shows no cause of action, and is so defective that it will not sustain a judgment, a reversal of a judgment based thereon would be required, and such infirmity in the declaration could be taken advantage of by assignment of error, as well as by motion in arrest. Kipp v. Lichtenstein, 79 Ill. 358, and cases there cited.

On behalf of the plaintiffs in error it is contended that the County Court has exclusive, original jurisdiction to hear and

determine the question of damage and benefits to the owners of lands within *or outside* the limits of a drainage district, consequent upon the construction and maintenance of levees, ditches and drains *within* such limits.

We are not willing to adopt such a rule or give such a construction to the act. The notice "to all persons interested" to appear and present their claims for damages, was not intended as a notice to those whose lands were outside the district being organized, nor is an inference to that effect justified by the language used in the act. In our judgment the notice applies to and affects those owners only, whose lands are within the district. Nor do the authorities cited on behalf of plaintiffs in error support the contention. We have adverted to this contention, not because it was essential to decide it in the view we take of the case, but for the reason we desired that our decision should be understood to rest on other grounds.

The cause of action set up in the declaration, and relied on to sustain this judgment, is the tortious act of the drainage commissioners, causing injury and damage to plaintiffs. The only material question in the case is, will an action lie to recover damages from the drainage district for this tort? It is said in the opinion in the case of Elmore v. Drainage Commissioners, 135 Ill. 269:

"In Commissioners v. Kelsey, 120 Ill. 482, and in other cases, it has been held that drainage districts are to be classed as municipal corporations. It is manifest, however, that they are not municipal corporations proper, nor do we regard them as analogous to such corporations. In the case of an incorporated city a perfect obligation is imposed by the law, and powers and means full, ample and adequate for the discharge of such duty is given. A drainage district, however, is organized merely for a special and limited purpose. Its powers are restricted to such as the Legislature has deemed essential for the accomplishment of such purpose, and it is only authorized to raise funds for the specific object for which it is formed, and can do that in no other way than by special assessments upon the property benefited, which can in no case exceed the benefits of the lands assessed. No funds or means are fur-

nished such district with which to pay damages occasioned to individuals by the tortious or unauthorized acts of the drainage commissioners, and there is no express statutory requirement that it shall be liable for such torts." And it is also said in the opinion: " Appellee is to be regarded as a mere public involuntary *quasi* corporation, and the well established and uniform doctrine is, that there is no corporate liability to respond in damages to an individual injured by the negligent or wrongful act of its officers, agents or servants."

It is further said in that opinion that the remedy to recover for damages caused by the tortious act of the commissioners, must be against them personally. On behalf of defendants in error it is insisted, that in the case cited plaintiff's land was within the district, and in the case at bar the land damaged was outside the district, hence the reasoning and conclusions of the former case do not apply in the latter. The rule announced in the Elmore case, is that a drainage district is a corporation of such a character, and organized with such limited and restricted powers, that it is not liable to respond in damages for injuries caused by the tort of its commissioners. No exception is made, but the rule applies to all cases where such a tort is relied upon as a ground for recovery. It is further urged, on behalf of defendants in error, that inasmuch as their lands lie outside defendants' drainage district, the injury complained of is one for which said district is made liable by statute, while with respect to the land within a drainage district, as in the Elmore case, no statutory liability is fixed. Hence, although an action might not lie to recover against the district for the injury in the latter case, yet in the case at bar a recovery under the statute against defendant district might be sustained without violating the rule above mentioned.

The statutory provision referred to, is in Sec. 27, Chap. 42, Starr & C. Ill. Stats., and reads as follows: "Provided that the lands embraced in such drainage district shall be liable for any and all damages which may be sustained by any lands lying above such drainage district, by the construction of any levee, ditch or drain in such district under this act."

It is sufficient reply to this last suggestion made on behalf

of defendant in error, that their suit was not based upon this statutory liability, but is an action in tort at common law, and under the rule announced in the Elmore case, if every act well pleaded in the declaration is true, no recovery can be had against the drainage district, but the remedy for the injury complained of must be against the commissioners personally. The judgment of the Circuit Court is reversed.

*Judgment reversed.*