(March 6, 1924.)

LAFE BOONE, C. A. GROVES and O. G. F. MARKHUS, Commissioners of Drainage District No. 3, of the County of Ada, Plaintiffs, v. THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT, IN AND FOR THE COUNTY OF ADA, and RAYMOND L. GIVENS, Presiding Judge, Defendants.

[224 Pac. 429.]

MANDAMUS—DISTRICT COURT—JURISDICTION—DRAINS—DRAINAGE DISTRICTS—DRAINAGE COMMISSIONERS—HEARING ON CONFIRMATION OF REPORT—NOTICE—SUFFICIENCY OF.

1. When a court refuses to hear and determine a cause upon the erroneous belief that it does not possess the requisite jurisdiction, *mandamus* will issue to compel the court to proceed.

---

Publisher's Note.

1. *Mandamus* to compel a court to assume or exercise jurisdiction where it has erroneously dismissed the cause or refused to proceed on the ground of supposed lack of jurisdiction, see note in 4 A. L. R. 582.

2. A notice of the hearing on confirmation of the report of drainage commissioners, addressed to the owners of land within the boundaries of the district established under C. S., sec. 4498, is insufficient notice to owners of land not included within the boundaries of such district.

3. The phrase, "The land owners and any and all persons or corporations owning or interested in lands," does not include "all parties interested" in the hearing on confirmation of the report of the commissioners of a drainage district.

4. A notice of hearing on confirmation of the report of drainage commissioners, addressed to all land owners and any and all persons or corporations owning or interested in lands, is not a sufficient notice to all parties interested.

5. The notice of the hearing on confirmation of the report of drainage commissioners must be given substantially in the manner and form prescribed by statute before the district court will have jurisdiction to hear and determine the matters presented by the report of the commissioners.

6. The legislature has required that notice be given to all parties interested, and the pertinent inquiry is concerning the sufficiency of the notice that was given, not as tested by any constitutional requirement, but as tested by the statute.

Original proceeding for *mandamus*. Peremptory writ *denied*.

P. E. Cavaney, for Plaintiffs.

A failure to properly notify some of the land owners will not vitiate the proceedings as to those notified. (*Pittsburgh C. C. & St. L. Ry. v. Machler*, 158 Ind. 159, 63 N. E. 210; *Poundstone v. Baldwin*, 145 Ind. 139, 44 N. E. 191; *Grimes v. Coe*, 102 Ind. 406, 1 N. E. 735; *Goeppinger v. Boards of Suprs.*, 172 Iowa, 30, 152 N. W. 58; *Ross v. Board of Suprs.*, 128 Iowa, 427, 104 N. W. 506, 1 L. R. A., N. S., 431.)

Notice to "all persons," or to "all persons interested," means all persons interested in lands within the drainage district. (*McCabe v. Grey*, 20 Cal. 509; *Barry v. Baker* (Ky.), 93 S. W. 1061; *Northern Pac. Ry. Co. v. Douglas Co.*, 145 Wis. 288, 130 N. W. 246; *Santa Fe Drainage Dist. v. Waeltz*, 41 Ill. App. 575.)

2. Question of notice in proceeding for the establishment of drains and sewers, see note in 60 L. R. A. 209.

It is the rule of law in this state that all statutes must be liberally construed, with a view of accomplishing their aims and purposes. (*Parsons v. Wrble,* 21 Ida. 695, 123 Pac. 638; C. S., sec. 4555.)

J. B. Eldridge, for Defendants.

The notice should be addressed to all persons interested and not limited to a particular class restricted within a limited and particular area. (C. S., sec. 4511; *Maxwell v. Terrell* (Ida.); 220 Pac. 411.)

The petitioners have a remedy other than *mandamus.* (*Blackwell Lumber Co. v. Flynn,* 27 Ida. 632, 150 Pac. 42; *Paxton v. Olden,* 27 Ida. 597, 150 Pac. 40; *State v. District Court of Ramsey . County,* 26 Minn. 223, 37 Am. Rep. 399, 2 N. W. 698; *Connolly v. Wood,* 13 Ida. 591, 92 Pac. 573.)

The statute as to notice must be followed, regardless of whether or not notice was otherwise given or acquired. This is the universal rule. (*Strode v. Strode,* 6 Ida. 67, 96 Am. St. 249, 52 Pac. 161; *Alexander v. Leland,* 1 Ida. 425; *Rayl v. Kirby,* 180 Ind. 553, 103 N. E. 440.)

WM. E. LEE, J.—This is a *mandamus* proceeding brought by plaintiffs, the commissioners of Drainage District No. 3, of Ada county, against defendant, one of the judges of the district court of the third judicial district, to require him to proceed with the hearing of the report of the commissioners and the confirmation thereof. This court issued an order to defendant to show cause why he should not be required to proceed with the hearing of the report. Counsel for Mrs. R. H. Lilly, one of the remonstrants in the district court, who defends the action of that court in sustaining the motion to dismiss the drainage proceeding, has moved to quash the alternative order and has interposed a demurrer. The facts are stipulated.

It appears that on June 10, 1922, a petition for the organization of the drainage district was filed in the office of the clerk of the district court for Ada county; that thereafter a time for hearing the petition was fixed and a notice

thereof published; that thereafter certain objections were filed to the formation of the district, and were heard and overruled; that on March 2, 1923, the court made findings and entered a decree declaring the district organized; and that thereupon plaintiffs herein were appointed commissioners of the district. On October 6, 1923, the commissioners filed their report, and the court fixed a time for hearing the report of the commissioners and directed that notice be given. (C. S., sec. 4510.) Notice was given, and at the time fixed for hearing the report of the commissioners, certain persons appeared and objected to the confirmation of the report. Finally, Mrs. R. H. Lilly appeared specially, and moved to quash and set aside the notice on the ground that the same was insufficient to give the court jurisdiction of the proceeding. The motion was sustained, and the court, believing the notice insufficient and that it lacked jurisdiction, refused, upon demand of plaintiffs, to proceed further.

It is contended that *mandamus* is not the proper remedy, and that this court's action in directing the district court to proceed with the hearing of the report of the commissioners would amount to an attempt to control the discretion vested in the district court, and would be equivalent to not only directing the district court to act, but also specifying the manner in which it should act. *Hill v. Morgan,* 9 Ida. 718, 76 Pac. 323, determines this question against the contention of defendant. In that case, this court cited, with approval, Merrill on Mandamus, as follows:

Section 36: "When the tribunal or officer whose duty it is to take jurisdiction of a matter, believing, erroneously, that it has no jurisdiction, declines to consider the matter, a *mandamus* will issue to compel such a hearing." Section 203: "*Mandamus* lies to compel a court to try a cause, when it refuses to do so upon the erroneous decision that it has no jurisdiction."

See, also: *Connolly v. Woods,* 13 Ida. 591, 92 Pac. 573; *In re Grossmayer,* 177 U. S. 48, 44 L. ed. 665; *Golden Gate Tile Co. v. Superior Court,* 159 Cal. 474, 114 Pac. 978; *State v. Moulton,* 57 Mont. 414, 189 Pac. 59; *Roberts v.*

*Second Judicial District Court,* 43 Nev. 332, 185 Pac. 1067;
*State v. Seehorn,* 283 Mo. 508, 223 S. W. 664.

The decision of a court that it will not hear and determine
a cause upon the mistaken assumption that it does not
possess the requisite jurisdiction is equivalent to a refusal
to exercise its jurisdiction, and *mandamus* will issue to com-
pel such court to assume jurisdiction of the cause. The
motion to quash is denied.

It appears that the petition for the establishment of the
drainage district originally embraced certain definite terri-
tory, and the proposition presented by the petition was ap-
proved by the court. By its findings and by its decree, the
court established said Drainage District No. 3, and, under
C. S., sec. 4498, such findings had the effect of a *lis pendens.*
The commissioners, however, are not confined to the plan of
drainage originally outlined in the petition, and they may
recommend a change in the plan of the route of the ditches
and drains. (C. S., sec. 4508.) If the commissioners find
that the proposed district will not embrace all the lands
that will be benefited, they may extend the boundaries of
the proposed district in their report so as to include such
additional lands, but the temporary boundaries, as fixed by
the findings and decree provided for in C. S., secs. 4498 and
4499, can only be altered by the court. (C. S., sec. 4509.)

Subsequently to the making and entering of the findings
and decree establishing the proposed district, the commis-
sioners changed the plan of drainage and enlarged the
territorial boundaries of the proposed district so that the
district, as described in the report of the commissioners
under consideration at the time the court concluded that it
lacked jurisdiction to proceed, contained about a section of
land in addition to that contained in the original district.
The notice was directed "to the land owners and . . . .
persons or corporations owning or · interested in lands
. . . . within the boundaries of Drainage District No. 3
. . . . " Persons and corporations owning or interested in
the additional section of land sought to be brought into the
district by the confirmation of the report would not be

affected by the notice, since the notice directed and limited attention to those owning and interested in lands embraced within the original district.

The notice contains the title of the court and the proceeding, and is directed "To the land owners and any and all persons or corporations owning or interested in lands included in the territory within the boundaries of Drainage District No. 3 of the County of Ada in the State of Idaho: You and each of you will please take notice that the Commissioners . . . . "

It will be observed that the notice is directed "to the land owners and . . . . persons or corporations owning or interested in lands included in . . . . Drainage District No. 3 . . . . " It is claimed that this notice is not in substantial compliance with C. S., sec. 4510, and that the giving of this notice did not vest the court with jurisdiction to hear and determine the report of the commissioners.

The notice, which the court held to be insufficient to give the court jurisdiction in the premises, is an attempted compliance with C. S., sec. 4510. This section requires the court to fix a time and place "when and where all persons interested" may appear, etc. The same section requires that " . . . . The clerk of the court shall cause notices of the time and place of said hearing to be given to all parties interested by the publication of a notice thereof . . . . and by personally serving or sending by registered mail a copy of said notice to each land owner . . . . "

C. S., sec. 4511, provides that "any of the land owners or any person or corporation affected by the work proposed may appear . . . . and remonstrate," etc., and any person or municipality may object on the ground that "the public health or welfare will not be promoted by the proposed work." The published notice is directed neither to *all parties interested* in the organization of the district, nor to *all parties interested* in hearing the report of the commissioners, but it is addressed "to the land owners and . . . . persons or corporations owning or interested in lands . . . . "

Does the phrase, "land owners and . . . . persons or corporations owning or interested in lands," include all parties interested in the confirmation of the report of the commissioners and the subsequent permanent organization of the district? We are of the opinion that this question must be answered in the negative.

Jurisdiction to confirm the report of the commissioners and establish the drainage district is dependent upon a substantial compliance with the requirements of the statute. The law requires the giving of notice by publication to *all parties interested* in the formation of the district, and it also requires that a copy of the notice be mailed to each land owner. The statute has not limited the notice to land owners and persons interested in lands, as has been done in a number of states. Mortgagees and bondholders, for instance, may be interested in the formation of the district. Persons may appear and contest the formation of the district on the ground that the public health and welfare will not be promoted thereby. Any person or corporation "affected by the work proposed" may appear and remonstrate. The fact that the law, in addition to the service of the notice, either personally or by registered mail, requires a publication indicates that the legislature recognized the fact that persons other than land owners have an interest in the organization of such a district, which justifies the publication of the notice to all parties interested. It would appear that the law contemplates that the formation of a drainage district is a matter in which even the public may have an interest, and that while a notice to all parties interested would be sufficient to give the notice required by the statute, a notice addressed to "the land owners . . . . and all persons or corporations owning or interested in lands," is insufficient to satisfy the requirements of the statute. While the notice is undoubtedly sufficient as to all the land owners within the original boundaries of the district to vest the court with jurisdiction as to them, it is neither sufficient as to all those who are not land owners but who are entitled to notice, nor is it sufficient as to the land

owners within the additional territory sought to be included
within the district by the confirmation of the report. Notice
must be given to all parties interested before the district
court will have the required jurisdiction to hear and deter-
mine the matters presented by the report of the commis-
sioners.

A number of decisions from the courts of Illinois and
Missouri have been cited by plaintiffs. In fact, plaintiffs
insist that our drainage statutes were taken from Illinois;
that under a statute similar to ours, Illinois has held the
words "all persons interested" to mean all persons owning
or interested in lands within the boundaries of the district;
and that this court should follow the construction placed on
the statute by the Illinois court. An examination of the
Illinois and Missouri statutes discloses that their require-
ments as to notice are not similar to ours. Upon the filing
of a petition to establish a drainage district in Illinois, the
clerk is required to give notice to land owners. This also
seems to be the case in Missouri. The Illinois law does not
require notice to "all parties interested" as does our statute,
but the Illinois statute permits "all persons interested" to
appear and make objection to the proceeding.

The case of *Drainage Commrs. v. Waeltz,* 41 Ill. App. 575,
does not support plaintiffs' contention. In that case, the
court said:

"We are not willing to adopt such a rule or give such a
construction to the act. The notice 'to all persons inter-
ested' to appear and present their claims for damages, was
not intended as a notice to those whose lands were outside
the district being organized, nor is an inference to that ef-
fect justified by the language used in the act. In our judg-
ment, the notice applies to and affects those owners only,
whose lands are within the district . . . . "

The notice in that case, to "all persons interested," was
a sufficient notice to land owners, but no decision has been
brought to our attention, construing a statute similar to ours,
which holds that a notice to land owners is sufficient as
to mortgagees, bondholders and persons affected by the

establishment of the district other than persons or corporations owning or interested in lands.

Plaintiffs contend that proceedings to establish a drainage district are *in rem,* and that a notice to land owners is sufficient to give the court jurisdiction. Conceding that the proceeding is *in rem,* we are not here concerned with how embracing or how limited a notice the legislature may prescribe. The legislature has said that notice must be given to *all parties interested,* and the pertinent inquiry is regarding the sufficiency of the notice that was given, not as tested by any constitutional requirement, but as tested by the statute.

The demurrer is sustained. The peremptory writ is denied.

McCarthy, C. J., and William A. Lee, J., concur.