THOMAS H. SMALLWOOD, ETC., Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 1141. Argued June 7, 1938.—Decided July 30, 1938.

*Luis Ríos Algarín* for petitioner.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

T. H. Smallwood, trading under the name of Smallwood Brothers, instituted, in the District Court of San Juan, a proceeding to retake some personal property sold under a conditional sale contract. The court summoned the parties to appear at a hearing, as prescribed by law. It was requested to authorize the summoning of the defendant by publication on grounds which were submitted to it, and it granted such request. The notices (*edictos*) were accordingly published in the newspaper "La Democracia" during the time ordered, and on the day set for the hearing the plaintiff appeared, the evidence was heard, and the court stated and decided as follows:

"The court thinks that it lacks jurisdiction. The present proceeding—after considering the matter for some minutes—this special proceeding under the Conditional Sales Act, is a summary proceeding and the court thinks that it must strictly comply with the legal requisites, that is: That the summons must be personally served; that it is confined to cases where personal service can be had, and where this can not be done recourse must be had to the ordinary procedure. The court will deny the petition because it considers

that the defendant has not been personally served, and that the ordinary procedure should be followed."

Thereupon the plaintiff applied to this court for a writ of certiorari to correct the error which according to him the district court had committed.

The writ was issued and a hearing took place at which only the petitioner appeared, through his attorney. The respondent judge confined himself to the issuance of an order directing that the original record be sent up, which order was complied with by the clerk of the court.

■■ Inclined as we are to decide, from a consideration of the merits of the question involved, that the judge was mistaken in construing the special law on the subject—section 6 of Act No. 61 of 1916 (Session Laws, p. 123), as amended by Act No. 40 of 1925 (Session Laws, p. 248)—in the sense of not allowing in any case service of process by publication in accordance with the provisions of the Code of Civil Procedure—section 92 *et seq.*—we find ourselves precluded by our own jurisprudence from going ahead with this certiorari proceeding, as mandamus and not certiorari is the proper remedy.

In *People* v. *Municipal Court*, 46 P.R.R. 610, 613, this court, speaking through Mr. Justice Wolf, said:

"We are inclined to agree with the Government that the crime charged was a misdemeanor and that, if susceptible of two interpretations, the prosecution for a misdemeanor lay.

"The appellant maintains, however, that there was no error of procedure in the municipal court, and we agree. The complaint was filed in due order, and a demurrer was presented and heard. The municipal court may or may not have been right in declaring itself without jurisdiction, but it merely decided the question before it.

"We rather think that mandamus would have been the appropriate writ to compel the court to take jurisdiction. When this court denied an appeal in an unlawful detainer proceeding, mandamus was the remedy involved. *Petition of Zeno*, 14 F. (2d) 418."

Long before that, in the case of *Rodríguez* v. *Sepúlveda*, 19 P.R.R. 1107, 1108, cited with approval in *Hull* v. *District Court*, 42 P.R.R. 146, 148, the court had said:

"Other acts complained of were decisions on the sufficiency in law of the facts admitted in the pleadings to enable complainants to recover judgment. The rule is that the action of the court in overruling or sustaining a demurrer is not an error of procedure but is the exercise of the judicial mind in deciding a point of law. Neither is such action of the court an exercise of a discretion which would permit a party to speak of an abuse of discretion as the phrase is understood in the law. The judge in the case of a demurrer and the like is bound to decide according to the law and if he decides wrong he commits an error, but this decision is not discretional."

Such jurisprudence is amply upheld by the continental authorities. We will cite some of them:

In *Boone* v. *District Court*, 38 Idaho 688, 692, 224 Pac. 429, the state Supreme Court held:

"The decision of a court that it will not hear and determine a cause upon the mistaken assumption that it does not possess the requisite jurisdiction is equivalent to a refusal to exercise its jurisdiction, and *mandamus* will issue to compel such court to assume jurisdiction of the cause. . . ."

Referring to the availability of the writ of certiorari, Ruling Case Law summarizes the decisions on the matter thus: .

"Furthermore, it must be borne in mind that the functions of certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of the law have not been observed, or on that of the want of jurisdiction in the court entertaining them. The writ has never been employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent. Hence, it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either

**710**

on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction." 5 R.C.L. 251.

Regarding the applicability of the writ of mandamus, the following appears in Volume 82 of the American Law Reports, pages 1165 and 1152:

"A peremptory writ of mandamus will issue to compel a circuit court judge to take jurisdiction over a cause over which he has refused to preside because of his mistaken impression that he lacks jurisdiction, particularly where, as in the instant case, the judge has at one time assumed jurisdiction, and his refusal to maintain such jurisdiction will work a detriment to the interest of the parties involved in the case. *Hargadine McKittrick Dry Goods Co.* v. *Garesche* (1921)—Mo.—, 227 S. W. 824."

"If a court erroneously decides as a matter of law that it has no jurisdiction, and thus denies a litigant the right to be heard on the merits and refuses to determine the facts or to proceed, mandamus will lie unless there is a specific and adequate remedy by appeal. . . . *State ex rel. Musselshell County* v. *District Ct.*, 89 Mont. 531, 300 Pac. 235."

The writ issued must be discharged and the original record returned to the proper district court.

Mr. Justice De Jesús took no part in the decision of this case.