PABLO PEDROZA, Petitioner, *v.* DISTRICT COURT OF HUMACAO, LUIS JANER, JUDGE, Respondent.

No. 1248. Argued May 26, 1941.—Decided May 29, 1941.

*José C. Rivera* for petitioner. *J. Valldejuly Rodríguez*, for interveners.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

In this case, the issuance of a writ of certiorari was requested. The writ was issued and the hearing was set for the 26th of May. On that date, the petitioner, Timoteo and Ilustrada Castro and Federico Rodríguez, interested parties since they would be affected by the decision of the court, made an appearance through their respective attorneys. The respondent court merely sent through its clerk the record whose review is sought.

Castro and Rodríguez requested that the writ issued be quashed and the petition dismissed, among other reasons because the remedy which was being exercised is not authorized by law. Both parties were heard on the petition and on all the points involved.

We are dealing with an action of unlawful detainer decided by a judgment rendered on May 17, 1938, against the defendants. As a result, they were ejected from the property involved—a farm—on September 14, 1940. Four days later, the plaintiff, alleging that the defendants had reoccupied the farm, requested the trial court to summon them before it to set forth reasons why they should not be punished for contempt.

The court granted the petition. Defendants were summoned and duly appeared. Several incidents took place and finally the court, on December 12, 1940, denied plaintiff's motion, that is, held that the defendants could not be punished for contempt, since "our unlawful detainer statute does not authorize in any of its sections the punishment for contempt of a defendant who acts as the defendants here have acted . . . We have searched our statutes for a provision which would enable this Court to grant plaintiff's motion, since we are of the opinion that the attitude assumed by the defendants should be punished, but this specific situation does not come under the heading of contempt in any of its statutory definitions, especially when, even if it were admitted that the court, in its order of ejectment, could warn the defendants not to disturb plaintiff's possession of the property, after having been ejected, under threat of punishment for contempt in case of noncompliance, it does not appear from the marshal's return that he complied with that provision of the order of ejectment."

In other words, what happened was that the court held that it had no authority to hear the case or to punish the defendants for contempt. This being so, the action of the lower court cannot be reviewed by certiorari, according to what this Court has already decided. We shall copy what this Court said in *Smallwood* v. *District Court*, 53 P.R.R. 707, 708. It reads thus:

"██ Inclined as we are to decide, from a consideration of the merits of the question involved, that the judge was mistaken in con-

struing the special law on the subject—section 6 of Act No. 61 of 1916 (Session Laws p. 123), as amended by Act No. 40 of 1925 (Session Laws, p. 248—in the sense of not allowing in any case service of process by publication in accordance with provisions of the Code of Civil Procedure—section 92 *et seq.*—we find ourselves precluded by our own jurisprudence from going ahead with this certiorari proceeding, as mandamus and not certiorari is the proper remedy.

"In *People* v. *Municipal Court*, 46 P.R.R. 610, 613, this court, speaking through Mr. Justice Wolf, said:

" 'We are inclined to agree with the Government that the crime charged was a misdemeanor and that, if susceptible of two interpretations, the prosecution for a misdemeanor lay.

" 'The appellant maintains, however, that there was no error of procedure in the municipal court, and we agree. The complaint was filed in due order, and a demurrer was presented and heard. The municipal court may or may not have been right in declaring itself without jurisdiction, but it merely decided the question before it.

" 'We rather think that mandamus would have been the appropriate writ to compel the court to take jurisdiction. When this court denied an appeal in an unlawful detainer proceeding, mandamus was the remedy involved. *Petition of Zeno,* 14 F. (2d) 418.'

"Long before that, in the case of *Rodríguez* v. *Sepúlveda,* 19 P.R.R. 1107, 1108, cited with approval in *Hull* v. *District Court,* 42 P.R.R. 146, 148, the court had said:

" 'Other acts complained of were decisions on the sufficiency in law of the facts admitted in the pleadings to enable complainants to recover judgment. The rule is that the action of the court in overruling or sustaining a demurrer it not an error of procedure but is the exercise of the judicial mind in deciding a point of law. Neither is such action of the court an exercise of a discretion which would permit a party to speak of an abuse of discretion as the phrase is understood in the law. The judge in the case of a demurrer and the like is bound to decide according to the law and if he decides wrong he commits an error, but this decision is not discretional.'

"Such jurisprudence is amply upheld by the continental authorities. We will cite some of them:

"In *Boone* v. *District Court,* 38 Idaho 688, 692, 224 Pac. 429, the state Supreme Court held:

" 'The decision of a court that it will not hear and determine a cause upon the mistaken assumption that it does not possess the

requisite jurisdiction is equivalent to a refusal to exercise its jurisdiction, and *mandamus* will issue to compel such court to assume jurisdiction of the cause . . .'

"Referring to the availability of the writ of certiorari, Ruling Case Law summarizes the decisions on the matter thus:

" 'Furthermore, it must be borne in mind that the functions of certiorari are simply to ascertain the validity of proceedings before a court of justice, either on the charge of their invalidity, because the essential forms of the law have not been observed, or on that of the want of jurisdiction in the court entertaining them. The writ has never been employed to inquire into the correctness of the judgment rendered where the forms of the law have been followed, and where the court had jurisdiction, and was therefore competent. Hence, it has been held that the supervisory jurisdiction of the court on a certiorari must be restricted to an examination into the external validity of the proceedings had in the lower court. It cannot be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case. The supervisory powers of the court should not be confounded with its appellate jurisdiction.' 5 R.C.L. 21.

"Regarding the applicability of the writ of mandamus the following appears in Volume 82 of the American Law Reports, pages 1165 and 1152:

" 'A peremptory writ of mandamus will issue to compel a circuit court judge to take jurisdiction over a cause over which he has refused to preside because of his mistaken impression that he lacks jurisdiction, particularly where, as in the instant case, the judge has at one time assumed jurisdiction, and his refusal to maintain such jurisdiction will work a detriment to the interest of the parties involved in the case. *Hargadine McKittrick Dry Goods Co.* v. *Garesche* (1921)—Mo.—, 227 S. W. 824.'

" 'If a court erroneously decides as a matter of law that it has no jurisdiction, and thus denies a litigant the right to be heard on the merits and refuses to determine the facts or to proceed, mandamus will lie unless there is a specific and adequate remedy by appeal . . . *State ex rel. Musselshell County* v. *District Ct.*, 89 Mont. 531, 300 Pac. 235.'

"The writ issued must be discharged and the original record returned to the proper district court."

An identical decree lies and must be issued in this case.