SUCESIÓN RODRÍGUEZ ET AL., DEMANDANTES Y APELADOS, *v.* ALFARO, JUEZ MUNICIPAL, DEMANDADO Y APELADO, Y WANTZELIUS, OLIVER & CO. ET AL., INTERVENTORES Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *certiorari.*

No. 1162.—Resuelto en marzo 25, 1915.

CERTIORARI—SUFICIENCIA O INSUFICIENCIA DE LA DEMANDA—SENTENCIA—JURISDICCIÓN.—El recurso de *certiorari* no es el remedio adecuado para decidir si una demanda es suficiente para sostener una sentencia condenatoria y para anular ésta por insuficiencia de aquélla, a menos que esté envuelta una cuestión de jurisdicción.

ID.—APELACIÓN—RECURSO ORDINARIO.—El auto de *certiorari* es un recurso extraordinario que no puede utilizarse cuando por apelación se puede corregir el error, a no ser que las circunstancias sean tales que de seguirse el recurso ordinario resultara un completo o parcial fracaso de la justicia.

ID.—SUFICIENCIA O INSUFICIENCIA DE LA DEMANDA—APELACIÓN.—La suficiencia o insuficiencia de la demanda para sostener una sentencia condenatoria es cuestión revisable en apelación y no por *certiorari.*

Los hechos están expresados en la opinión.

Abogados de los interventores-apelantes: *Sres. Manuel A. Rivera* y *Rafael R. Rivera Zayas.*

Los apelados no comparecieron.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

En la Corte Municipal de Coamo se siguen varios pleitos entablados por distintas personas contra la Sucesión de Gu-

mersindo Rodríguez" y en trámites de ejecución de las sen-
tencias en ellos dictadas, uno de los demandados como com-
ponente de esa Sucesión, Ramón Rodríguez Camacho, soli-
citó del Tribunal de Distrito de Ponce que expidiera un auto
de *certiorari* dirigido al Juez Municipal de Coamo para que
con suspensión de los procedimientos de ejecución remitiera
dichos pleitos a fin de ser revisados y que en definitiva anu-
lase las sentencias y los procedimientos habidos en ellos a.
partir desde la notificación de las demandas al peticionario,
petición que fué concedida y en su virtud se expidió el auto,
se reclamaron los pleitos y fué suspendido el remate de bie-
nes anunciado para cumplir la sentencia.

Al celebrarse la vista del auto en el Tribunal de Distrito,
de Ponce, éste concedió a los demandantes en los pleitos, que
intervinieran y la apelación interpuesta por estos interven-
tores contra la sentencia que anuló las sentencias del Juez
Municipal de Coamo y los procedimientos desde la anota-
ción de rebeldía, en adelante, es lo que motiva el presente
recurso de apelación en el que sólo han comparecido los.
interventores apelantes.

La petición de *certiorari* se basó sustancialmente en que
siendo el peticionario mayor de veinte años y menor de veinte.
y uno no fué provisto de un defensor judicial y en que la
demanda era defectuosa y no aducía hechos que determina-
sen causa de acción, según la opinión de su abogado.

De las demandas iniciales de los procedimientos en el
Juzgado Municipal de Coamo no aparece que Ramón Rodrí-
guez Camacho sea menor de edad y si bien en una moción
para que se anularan las sentencias alegó ser menor de edad
y presentó como prueba una partida sacramental de bau-
tismo, que fué contradicha por los demandantes con una
escritura notarial otorgada por Ramón Rodríguez Camacho,
en la que expresa ser mayor de edad, tanto la corte muni-
cipal como luego la de distrito al resolver el *certiorari* lle-
garon a la conclusión de que no había probado ser un menor

de edad y como tal conclusión no es objeto de este recurso, prescindiremos de su consideración.

El verdadero motivo en que los apelantes fundan este recurso de apelación es el de que el Tribunal de Distrito de Ponce erró al decretar la nulidad de las sentencias dictadas en los pleitos, por el fundamento de que las demandas no aducían hechos determinantes de causa de acción. Este fué el único motivo que tuvo el tribunal apelado para dictar la sentencia que motiva este recurso.

¿Es el auto de *certiorari* el recurso adecuado para decidir si una demanda es suficiente para sostener una sentencia condenatoria y para anular ésta por insuficiencia de aquélla? Tal es la cuestión fundamental envuelta en este caso.

La materia de *certiorari* ha sido objeto de muchas decisiones de este tribunal y en repetidas ocasiones ha resuelto que dicho auto es un recurso extraordinario que no puede utilizarse cuando por apelación se puede corregir el error, a menos que las circunstancias sean tales que de seguirse el recurso ordinario resultara un completo o parcial fracaso de la justicia.

En cuanto a la cuestión plantada en este recurso, en el caso de *Arribas* v. *Corte de Distrito,* 9 D. P. R., 486 fué decidido expresamente que la suficiencia o insuficiencia de una demanda para sostener una sentencia condenatoria es cuestión revisable en apelación y no por *certiorari;* principio que implícitamente se ha declarado también en los casos de *Axtmayer* v. *Aldrey,* 14 D. P. R., 643; *Mora* v. *Foote,* 16 D. P. R., 19; *Hernández* v. *La Corte de Distrito,* 17 D. P. R., 524, y *López* v. *Córdova Dávila,* 18 D. P. R., 1.

El único fundamento en que se apoyó el tribunal *a quo* para entrar en la consideración de la suficiencia de la demanda fué la doctrina establecida en VI "Enc. of Pleading and Practice, 45, que no es aplicable a este caso porque no dice que una sentencia en rebeldía cuando la demanda no contiene todas las alegaciones necesarias para constituir

causa de acción es revisable por *certiorari,* sino que lo es por apelación.

De acuerdo pues con la ley y nuestras resoluciones no solamente no es revisable por medio de *certiorari* la suficiencia de una demanda, si no envuelve una cuestión de jurisdicción, lo que no ocurre en este caso, sino que además el peticionario no podía utilizar ese recurso extraordinario porque las sentencias del Juez Municipal de Coamo eran apelables para ante el Tribunal de Distrito de Ponce.

Por las razones expuestas el tribunal inferior erró al declarar con lugar la solicitud de *certiorari* y decretar la nulidad de las sentencias a que aquélla se refiere y la sentencia apelada debe ser revocada.

*Revocada la sentencia apelada y declarada*
*sin lugar la solicitud de* certiorari.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.