HARWOOD HULL, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. CARLOS LLAUGER DÍAZ, JUEZ, demandada.

No. 758.—*Sometido:* Marzo 30, 1931. *Resuelto:* Abril 22, 1931.

*J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados del peticionario; *Hartzell, Kelley & Hartzell* y *F. Ramírez de Arellano,* abogados de la demandante en el pleito principal, aquí interventora.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La corporación American Colonial Bank and Trust Company of Porto Rico, como administradora de la Iglesia Cató-

lica de Puerto Rico, demandó el 17 de febrero de 1931 en juicio de desahucio a Harwood Hull alegando que había dejado de pagar durante varios meses el arrendamiento convenido de $125 mensuales por la planta baja de cierta casa radicada en esta ciudad, que suman la cantidad de $1,866.66. El demandado formuló excepción previa contra la demanda y la contestó negando sus alegaciones. Las excepciones previas fueron declaradas sin lugar por la corte por no haber comparecido el demandado a sostenerlas; y celebrado el juicio recayó sentencia declarando con lugar el desahucio y ordenando al demandado que desocupe la casa. Entonces el demandado nos presentó petición de *certiorari* y librado el auto tenemos ante nosotros las diligencias originales del pleito y hemos oído a las partes del mismo.

Dos errores de procedimiento se alegan en la petición de *certiorari,* siendo el primero por haber declarado la corte sin lugar las excepciones previas aducidas contra la demanda por el fundamento de que el demandado no compareció a sostenerlas.

Una excepción previa a la demanda suscita una cuestión de derecho que debe ser juzgada por la corte, a no ser que sea sometida al juicio de árbitros por consentimiento de las partes, según los artículos 196 y 198 del Código Enjuiciamiento Civil; disponiendo el 199 que las cuestiones de derecho deberán resolverse antes que las de hecho. De acuerdo, pues, con esos preceptos las excepciones previas deben ser resueltas por la corte y no deben ser declaradas sin lugar por el hecho de que la parte que las alegue no comparezca a sostenerlas. En los casos de *Anderson* v. *Fulton County Home Builders,* 92 S. E. 934; *Vaughan* v. *Farmers' & Merchants' Bank,* 93 S. E. 228, y de *Porter* v. *Parker,* 126 S. E. 381, todos de la Corte Suprema de Georgia, se ha declarado que las excepciones previas deben ser resueltas aunque la parte que las promueve o su abogado dejen de comparecer a la corte. En el primero de esos casos se

dice: "El dejar de comparecer el demandado no autoriza la desestimación de su alegación." El declararlas sin lugar por no comparecer la parte a sostenerlas equivale a una desestimación de las excepciones sin resolverlas. No obstante lo expuesto, el error de la corte inferior en el particular dicho no es de tal naturaleza que justifique la anulación del juicio que fué celebrado, porque las mismas cuestiones de las excepciones pueden ser tratadas en apelación contra la sentencia. En los dos últimos casos antes citados también se dice que ese error no justificaba la concesión de un nuevo juicio; y en el caso de *Manrique v. Diez,* 22 D.P.R. 180, hemos manifestado que un pequeño error de procedimiento no da derecho a un *certiorari.* Por consiguiente, el auto de *certiorari* no puede sostenerse por ese motivo.

■■■ En la petición se dice también que el demandado alegó en la corte inferior como excepción previa que la demanda no aduce hechos determinantes de causa de acción y que no es susceptible de enmienda, porque el American Colonial Bank and Trust Company of Porto Rico no es parte realmente interesada de acuerdo con la doctrina sentada en el caso de *J. Ochoa & Hno. v. José González Clemente y Ca.,* 29 D.P.R. 1015, y que el no haber sido sostenida esa cuestión viola el artículo 51 del Código de Enjuiciamiento Civil preceptivo de que toda acción deberá ejercitarse en nombre de la parte realmente interesada, lo que constituye el otro error de procedimiento que se alega.

Lo que se pretende con este motivo de la petición es que resolvamos dicha excepción previa en un procedimiento extraordinario de *certiorari.*

En el caso de *Rodríguez v. Sepúlveda,* 19 D.P.R. 1169, hemos dicho que la resolución de excepciones previas en un sentido o en otro no puede alegarse como error de procedimiento en una solicitud de *certiorari;* y en el caso de *Rodríguez v. Alfaro,* 22 D.P.R. 182, declaramos que el auto de *certiorari* no es el remedio adecuado para decidir si una demanda es suficiente para sostener una sentencia condena-

toria y para anular ésta por insuficiencia de aquélla, a menos que esté envuelta una cuestión jurisdiccional, y que la suficiencia o insuficiencia de la demanda para sostener una sentencia condenatoria es cuestión revisable en apelación y no por *certiorari*.

La cuestión en el presente caso de si la demandante tiene o no capacidad para ejercitar la acción de desahucio no ataca la jurisdicción de la corte inferior, que la tiene para conocer de la demanda de desahucio en este caso por exceder de $1,000 el canon del arrendamiento computado por un año y radicar en su demarcación territorial la finca objeto del mismo.

También hemos dicho en el caso de *Sánchez* v. *Cuevas Zequeira, Juez,* 23 D.P.R. 50, que se ha decidido repetidas veces por los tribunales del continente y por esta Corte Suprema que siendo, como es, el *certiorari* un recurso extraordinario no cabe ejercitarlo cuando existe otro remedio adecuado, rápido y eficaz en el curso ordinario de la ley. En el presente caso existe apelación contra la sentencia dictada en el desahucio; remedio que es adecuado, rápido y eficaz porque se interpone en el corto término de cinco días y porque en apelación puede ser planteada y resuelta la cuestión promovida en este *certiorari* sobre la procedencia de la excepción previa alegada; sin que el hecho de que disponga la ley de desahucio en su artículo 12 que no se admitirá al demandado el radicarse apelación si no consigna en secretaría el importe del precio adeudado hasta la fecha de la sentencia, cuando el desahucio se funda en la falta de pago de la cantidad convenida, sea motivo para substituir el recurso ordinario de apelación por el extraordinario de *certiorari,* aunque el demandante pueda retirar la cantidad consignada. El libramiento por nosotros de autos de *certiorari* no debe prevalecer al recurso de apelación concedido por la ley, salvo un grave error de procedimiento, que en este caso no existe.

A pesar de lo expuesto, por ser el término para apelar la sentencia el demandado de cinco días, porque las diligencias originales de la corte inferior nos fueron remitidas el último día en que se podía interponer la apelación, porque habiendo sido librado por este tribunal el auto de *certiorari* que interpuso el demandado pudo éste creer que lo sostendríamos, y porque en esta clase de recursos tenemos facultad discrecional, nos creemos autorizados en bien de la justicia para examinar las diligencias de la corte inferior a fin de conocer si existe el error alegado por el recurrente o si ha sido subsanado en caso de existir.

En el juicio se probó que la demandante es una corporación organizada con arreglo a las leyes de esta Isla; que la Iglesia Católica, Apostólica, Romana de Puerto Rico es dueña con título inscrito en el registro de la propiedad de la casa objeto del desahucio, radicada en esta ciudad de San Juan; que por escritura pública ante notario el Ilustrísimo Sr. Obispo de la Diócesis de San Juan de Puerto Rico, Monseñor Edwin V. Byrne, dió en administración todos los bienes inmuebles de ella a la corporación American Colonial Bank and Trust Company of Porto Rico facultándola, entre otras cosas, para que los dé en arrendamiento, cobre sus alquileres o rentas, y para que se desahucie por falta de pago o de cumplimiento de las condiciones estipuladas, a sus inquilinos, arrendatarios o colonos. También un testigo empleado de la corporación demandante declaró, según se dice en la opinión escrita por la corte inferior para fundar su sentencia, que el piso bajo derecho de la mencionada casa está alquilado al demandado en la cantidad de $125 mensuales y que desde mediados de noviembre de 1929 no ha pagado los alquileres, adeudando ahora $1,866.66 y que han resultado inútiles sus gestiones para el cobro.

Según la sección primera de la ley de desahucio promulgada en 1905, tienen acción para promover el juicio de desahucio los dueños de la finca, los usufructuarios y cual-

quiera otro que tenga derecho a disfrutarla, y sus causahabientes. Las palabras de esta ley que dicen "y cualquiera otro con derecho a disfrutarla" se refieren a los que no siendo dueños ni usufructuarios tengan la finca en cualquier concepto legal, y por esto un administrador a quien el dueño o usufructuario entregue su finca para que se la administre, facultándolo para demandar en desahucio, tiene personalidad para ejercitar esa clase de acción en nombre del dueño o usufructuario. En España, cuya ley de enjuiciamiento civil tiene un precepto substancialmente igual al nuestro en su artículo 1564, en un caso en que la demanda de desahucio fué interpuesta por un administrador de los bienes y en el cual se alegó que el demandante no tenía capacidad legal para demandar, se resolvió por la sentencia No. 48 de su Tribunal Supremo de 29 de septiembre de 1890, Jurisprudencia Civil, tomo 68, pág. 188, que el administrador tenía personalidad para incoar la acción de desahucio. También en otra sentencia No. 32 de 2 de octubre de 1893, Jurisprudencia Civil, tomo 74, pág. 154, en un caso en que también la demanda fué presentada por un administrador, dijo que justificado en el juicio, con el poder presentado por el demandante, ser éste el administrador de los bienes del propietario de la casa de cuyo desahucio se trataba, está su personalidad ajustada a la ley. El mismo Tribunal Supremo ha resuelto en otros casos que puede demandar en desahucio el depositario judicial de una finca, autorizado al efecto; el arrendatario al subarrendatario; el administrador judicial de una casa embargada, al propietario de la misma; el apoderado del presidente (o quien haga sus veces) de las asociaciones de propietarios, a los inquilinos de los asociados, si para ello se les dió poder; y que el administrador de una sociedad facultado para arrendar los bienes de ésta lo está también para desahuciar. Enciclopedia Jurídica Española, tomo 11, pág. 394, y Manresa, Ley de Enjuiciamiento Civil, tomo 6, pág. 25.

Como consecuencia de lo expuesto, la corporación Amer-

ican Colonial Bank and Trust Company of Porto Rico tiene personalidad para establecer la demanda de desahucio en este caso como administradora de los bienes de la Iglesia Católica, Apostólica, Romana de Puerto Rico, Diócesis de San Juan, sin ser obstáculo para ello que el Código de Enjuiciamiento Civil de 1904 diga en su artículo 51 que toda acción deberá ejercitarse en nombre de la parte realmente interesada, excepto en los casos que se dispone otra cosa por ese código, porque la ley de desahucio es posterior a ese código y lo ha modificado en ese particular.

*El auto de* certiorari *que hemos librado en este caso debe ser anulado.*

El Juez Asociado Señor Wolf no intervino. El Juez Asociado Señor Hutchison está conforme con el resultado.