LUCRECIA GUTIÉRREZ, demandante y apelante, *v.* JUAN RAMÓN RAMOS, demandado y apelado.

No. 5901.—*Sometido:* Febrero 9, 1933. *Resuelto:* Diciembre 6, 1933.

*José E. Díaz,* abogado de la apelante; *A. Reyes Delgado,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

En la Corte Municipal de Manatí se inició un pleito reclamando un derecho de hogar seguro. Fué titulado así:

> "Lucrecia Gutiérrez,
> Representada por su
> apoderado Manuel Marchán,
>     Demandantes."
>         v.
> Juan Ramón Ramos,
>     Demandado."

Los tres primeros párrafos de la demanda leen como sigue:

"Comparece la demandante en el presente caso, Lucrecia Gutiérrez, representada por su apoderado que suscribe, y respetuosamente y bajo juramento expone y solicita:

"I. Que la demandante es mayor de edad, residente en Puerto Rico y vecina de este pueblo de Manatí, y el demandado es mayor de edad, y vecino de Manatí, Puerto Rico.

"II. Que la demandante, Lucrecia Gutiérrez, y ante el notario José C. Rodríguez Cebollero, otorgó un poder a favor del compareciente, el seis de enero de 1929, autorizándolo para llevar su representación caso de pleitos."

La demanda fué posteriormente enmendada pero no en forma substancial respecto a las alegaciones transcritas.

Comenzamos exponiendo estos hechos porque en varias formas los derechos de Manuel Marchán como supuesto representante de Lucrecia Gutiérrez están envueltos.

La Corte Municipal de Manatí falló a favor de la parte demandante. En apelación el demandado satisfizo los derechos para el señalamiento del caso en calendario, pero no pagó la cantidad de cinco dólares para la radicación del recurso, según lo exigían ciertas leyes de la Legislatura. Sin embargo, por virtud de las disposiciones de la llamada Ley No. 93 de 1917 que regía todo el campo de las apelaciones de las cortes municipales, se hizo innecesario que el apelante pagara derechos de radicación.

Esta Ley de 1917 la mencionan erróneamente el apelante y la corte como la Ley No. 93 del año de 1919. Ésa y otras leyes fueron promulgadas en 1919 con motivo de una decisión del Tribunal Supremo de Puerto Rico, y fueron declaradas nulas y sin valor por la Corte de Circuito de Apelaciones de los Estados Unidos para el Primer Circuito en el caso de *Porto Rico Telephone Co.* v. *People of Porto Rico,* 47 Fed. (2d) 484. Resolviendo una moción para desestimar, la Corte de Distrito de Arecibo declaró que por virtud de la Ley No. 93 el apelante para ante ella no estaba obligado a satisfacer derechos para la radicación de un pleito; que

cuando el caso fué apelado la Ley No. 93 no había sido declarada nula y que por una ley posterior (la No. 94 de 1931, Leyes de ese año, pág. 463) los actos de los funcionarios del gobierno, cometidos en relación con las leyes y resoluciones conjuntas promulgadas con motivo de la decisión del Tribunal Supremo de Puerto Rico fueron convalidados, siempre que hasta entonces no hubiesen sido impugnados ante los tribunales de justicia. La actuación de la Corte de Distrito de Arecibo, es atacada en apelación.

Hay una probabilidad razonable de que a falta de la ley validando lo actuado por los funcionarios del gobierno, el Secretario de la Corte de Distrito de Arecibo tenía derecho a recibir el caso por razón de la supuesta Ley No. 93. Hubiera sido una actuación similar a la de un juez *de facto*.

Posteriormente el caso fué desestimado por la Corte de Distrito de Arecibo porque al ser llamado para juicio la demandante dejó de comparecer debidamente. La corte dijo que había dos mociones radicadas por Manuel Marchán pidiendo la posposición del juicio, una de ellas alegando que había un *certiorari* pendiente ante la Corte Suprema de Puerto Rico. La corte resolvió que la moción de suspensión no podía prevalecer por no haber sido notificada en debida forma a la otra parte, o, más particularmente, por no haber sido la notificación debidamente jurada; que cuando los abogados admitidos al ejercicio de su profesión certifican respecto a una notificación, toda vez que son funcionarios de la corte, su simple certificación es suficiente, pero que cuando una persona particular o un apoderado trata de notificar a la parte contraria, debe hacerlo bajo juramento. La corte desestimó el caso fundándose en el artículo 192 del Código de Enjuiciamiento Civil.

Estamos muy de acuerdo con la Corte de Distrito de Arecibo que un apoderado no tiene los mismos derechos que un abogado debidamente admitido, y que cualquiera notificación que haga, siempre debe ser jurada, suponiendo que tenga derecho a comparecer en forma alguna ante una corte.

872

■ El apelado no radicó alegato, pero dudamos seriamente que este pleito fuese propiamente iniciado en la Corte Municipal de Manatí. A excepción de las mismas partes, nadie que no sea un abogado debidamente admitido a postular ante los tribunales tiene derecho a comparecer en representación de otra persona.

■■ El artículo 51 del Código de Enjuiciamiento Civil dispone:

"Toda acción deberá ejercitarse en nombre de la parte realmente interesada, excepto en los casos en que se dispone otra cosa por este Código. La comparecencia ante las cortes deberá hacerse por medio de abogado legalmente autorizado para ejercer su profesión conforme a las disposiciones de la ley."

Hasta tanto se nos demuestre lo contrario, resolvemos que el pleito de la corte municipal fué impropiamente iniciado y era enteramente nulo. Los poderes sólo se extienden a casos fuera de las cortes. Véase, v. g., 6 C. J. 818. Necesariamente la frase "abogados debidamente admitidos" excluye de su campo de operación a los apoderados. Decimos esto teniendo en mente la excepción señalada por nuestra opinión en el caso de *Hull* v. *Corte*, 42 D.P.R. 151.

*Debe confirmarse la resolución apelada.*