EL PUEBLO DE PUERTO RICO, peticionario apelado, *v.* MANUEL GAETÁN BARBOSA, ·JUEZ DE LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN 1ª., demandado apelante.

No. 5757.—*Sometido:* Marzo 8, 1933. *Resuelto:* Abril 30, 1934.

*Arturo Aponte,* abogado del acusado; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una acusación contra Arturo Gallardo, Jr., alegaba lo siguiente:

"Yo, Pedro Acosta Forés, mayor de edad, vecino de San Juan, P. R., y Fiscal Municipal at Large, formulo denuncia contra Arturo Gallardo Jr., por un delito de Falsa Representación (*Misdemeanor*) cometido de la manera siguiente:

"El referido acusado Arturo Gallardo Jr., con posterioridad al mes de octubre de 1929, y en San Juan, P. R., que forma parte del Distrito Judicial del mismo nombre, que a su vez forma parte del Distrito Judicial de San Juan, P. R., a sabiendas e intencionalmente, y valiéndose de falsas y fraudulentas simulaciones, y con la intención criminal de obtener la posesión y propiedad de la suma de treinta y dos dólares ochenta y cinco centavos ($32.85) pertenecientes a El Pueblo de Puerto Rico, una corporación pública y política, creada por una ley del Congreso de los Estados Unidos, con la intención de

engañar y defraudar a El Pueblo de Puerto Rico, privándole de dicha suma de $32.85, falsa y fraudulentamente, simuló y representó a El Pueblo de Puerto Rico, que él, el acusado Arturo Gallardo, Jr., en su carácter de Agente General e Inspector General de Rentas Internas de El Pueblo de Puerto Rico había estado desempeñando sus deberes como tal Agente General e Inspector General de Rentas Internas durante los días 8, 9 y 10 de octubre de 1929, en el municipio de Ponce, por lo que, según él, el acusado tenía derecho a cobrar de El Pueblo de Puerto Rico la referida suma de $32.85 por concepto de dietas y millaje, siendo dicha simulación falsa y fraudulenta, pues no era cierto que el referido acusado Arturo Gallardo, Jr., hubiese estado desempeñando sus deberes oficiales y en gestiones de su cargo, en los días 8, 9 y 10 de octubre de 1929, en dicho municipio de Ponce, y al acusado Arturo Gallardo Jr. allí y entonces, le constaba que tal simulación era falsa y fraudulenta, habiendo sido hecha por éste con el fin de inducir a El Pueblo de Puerto Rico a entregarle la dicha suma de $32.85; y el mencionado El Pueblo de Puerto Rico, creyendo ser cierta dicha falsa simulación y únicamente inducido por ella, allí y entonces se desprendió de la propiedad de dicha suma de dinero y la entregó al acusado Arturo Gallardo Jr.

"Este hecho es contrario a la Ley y a la paz y dignidad de El Pueblo de Puerto Rico."

El proceso fué iniciado en la Corte Municipal de San Juan, y se presentó una excepción perentoria a la denuncia por falta de jurisdicción, toda vez que los hechos alegados imputaban un *felony* más bien que un *misdemeanor*. La Corte Municipal de San Juan sostuvo la excepción en noviembre 13, 1930. Apeló el Gobierno el 18 de noviembre, pero la Corte de Distrito de San Juan ordenó el archivo y sobreseimiento del caso por carecer de jurisdicción. El fundamento en que se basó la corte de distrito para negarse a conocer de la apelación fué que la orden de la corte municipal no era apelable; en otras palabras, que el estatuto concediendo apelaciones de las cortes municipales en causas criminales no autoriza a apelar de una orden o sentencia sosteniendo una excepción perentoria, o de una orden o sentencia disponiendo el archivo y so-

breseimiento de un caso. Para la apelación, los autos de la corte municipal habían sido elevados a la corte de distrito.

El 18 de marzo de 1931 el Pueblo de Puerto Rico solicitó y obtuvo un auto de *certiorari*, y finalmente la resolución que sobre la excepción previa dictó la corte municipal fué anulada y se ordenó la devolución del caso a la dicha corte para que continuara conociendo del mismo. Esta sentencia de la corte de distrito llevaba fecha de abril 21, 1931. La apelación que estamos resolviendo es contra esa sentencia.

No profundizaremos en una de las cuestiones suscitadas, a saber, que cuando fué librado el auto de *certiorari* los documentos o procedimientos no estaban en la corte municipal, sino en la de distrito. Esta expidió orden disponiendo la devolución de los documentos y procedimientos, a fin de que la corte municipal pudiera cumplir con el auto, y esto caía dentro de los poderes generales de la corte. Por cierto, tenemos alguna idea de que, luego de una debida notificación, la corte de distrito pudo haber prescindido de la devolución, ya que tenía ante sí los documentos y procedimientos.

Lo que principalmente nos impresiona es la demora en solicitar un auto de *certiorari*, en el supuesto de que procediera. El Gobierno apeló sobre una teoría errónea, pero el apelante Gallardo no era responsable de ello. El hecho fué que después de haberse sostenido una excepción perentoria en la corte municipal, el apelante tenía derecho a que se actuara con prontitud. Es claro que cuando se radicó la solicitud de *certiorari* habían transcurrido más de ciento veinte días sin celebrarse juicio. Teniendo en cuenta—como podríamos hacerlo—que parte de la demora se debía indirectamente a la excepción perentoria presentada en la corte municipal, no obstante, un acusado tiene derecho a un juicio rápido, y no se nos ha dado explicación alguna por la demora entre la fecha en que fué sostenida la excepción y la de la solicitud de *certiorari*.

■■ Convenimos con el Fiscal en que el auto de *certiorari* emana de la rama de Derecho (*law side*) de una corte. ·Empero, una corte de ley tiene poderes en equidad, y éstos pueden ser invocados en un procedimiento de *certiorari*. Así, pues, Gallardo tenía derecho a que se denegase el *certiorari*, a causa de la dilación innecesaria. Qué constituye una demora innecesaria, se rige parcialmente por las disposiciones del artículo 448 del Código de Enjuiciamiento Criminal y parcialmente por lo que la justicia del caso requiere. *Gerardino* v. *People of Puerto Rico*, 29 F. (2d) 517.

Como no se ha planteado, no prestaremos atención a la debatida cuestión del efecto de una orden de una corte municipal declarándose sin jurisdicción en un caso criminal.

Estamos inclinados a convenir con el Gobierno en que el delito imputado era *misdemeanor*, y en que, de ser susceptible de dos interpretaciones, procedía la acusación por el delito menor.

El apelante sostiene, sin embargo, que no hubo error de procedimiento en la corte municipal, y estamos conformes. La acusación fué radicada oportunamente, y se presentó una excepción perentoria, que fué vista. La corte municipal pudo o no estar equivocada al declararse sin jurisdicción, pero meramente decidió la cuestión que tenía ante sí.

Más bien creemos que el *mandamus* hubiera sido el remedio adecuado para obligar a la corte municipal a conocer del caso. Cuando esta corte denegó la apelación en un procedimiento de desahucio, el *mandamus* fué el remedio invocado. *Petition of Zeno*, 14 F. (2d) 418.

Sin embargo, aun en el caso de una solicitud de *mandamus*, hubiera habido que aplicar los mismos principios relativos a un juicio rápido.

*Debe revocarse la sentencia apelada y anularse el auto de certiorari.*