THOMAS H. SMALLWOOD, haciendo negocios bajo el nombre de SMALLWOOD BROTHERS, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON. M. ROMANY, JUEZ, demandada.

Núm. 1141.—*Sometido:* Junio 7, 1938. *Resuelto:* Julio 30, 1938.

*Luis Ríos Algarín*, abogado del peticionario.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

T. H. Smallwood haciendo negocios bajo el nombre de Smallwood Brothers inició en la Corte de Distrito de San Juan un procedimiento sobre reposesión de bienes muebles vendidos bajo contrato de venta condicional. Convocó la corte a las partes a la audiencia que la ley prescribe. Se le pidió que ordenara la citación por edictos de la parte demandada por los motivos que se le expusieron, y accedió. Se practicó en efecto la citación publicándose los edictos en el periódico La Democracia por el tiempo ordenado y en el día señalado para la audiencia compareció el demandante, practicó prueba y la corte dijo y resolvió lo que sigue:

"La Corte cree que no tiene jurisdicción. Este procedimiento—después de haber pensado por unos minutos—este procedimiento especial de la Ley de Ventas Condicionales, es un procedimiento sumarísimo y la Corte cree que debe ajustarse estrictamente a lo que dispone la ley, o sea, que debe notificarse personalmente y está limitado, de acuerdo con la opinión de la Corte, a los casos en que se pueda emplazar personalmente y en los casos en que no se pueda emplazar personalmente, está obligado a recurrir al procedimiento regular. La Corte va a desestimar la petición por entender que no se ha emplazado personalmente a la parte demandada y que debe seguirse el procedimiento ordinario."

El demandante se dirigió entonces a esta Corte Suprema pidiéndole que ordenara la expedición de un auto de *certiorari* para corregir el error en que a su juicio la corte de distrito se encontraba.

El auto fué expedido, celebrándose la vista con la sola asistencia del peticionario por su abogado. El juez demandado se limitó a ordenar la remisión de los autos originales, orden que fué cumplida por el secretario de la corte.

██ Inclinados a resolver por el estudio de los méritos de la cuestión envuelta que el juez estuvo equivocado al interpretar la ley especial sobre la materia—artículo 6 de la Ley núm. 61 de 1916 (pág. 126), tal como fué enmendado por la Ley núm. 40 de 1925—pág. 249—en el sentido de no permitir que se recurriera a la citación por publicación de acuerdo con lo preceptuado en el Código de Enjuiciamiento Civil—artículos 92 y siguientes—en ningún caso, nos encontramos que nuestra propia jurisprudencia nos impide seguir adelante dentro de este recurso de *certiorari* por no ser dicho recurso el procedimiento adecuado, sino el de *mandamus*.

En el caso de *El Pueblo* v. *Gaetán, Juez Municipal,* 46 D.P.R. 632, 635, dijo esta corte por medio del Juez Sr. Wolf:

"Estamos inclinados a convenir con el Gobierno en que el delito imputado era *misdemeanor,* y en que, de ser susceptible de dos interpretaciones, procedía la acusación por el delito menor.

"El apelante sostiene, sin embargo, que no hubo error de procedimiento en la corte municipal, y estamos conformes. La acusación fué radicada oportunamente, y se presentó una excepción perentoria, que fué vista. La corte municipal pudo o no estar equivocada al declararse sin jurisdicción, pero meramente decidió la cuestión que tenía ante sí.

"Más bien creemos que el *mandamus* hubiera sido el remedio adecuado para obligar a la corte municipal a conocer del caso. Cuando esta Corte denegó la apelación en un procedimiento de desahucio, el *mandamus* fué el remedio. invocado. *Petition of Zeno,* 14 F. (2d) 418."

Y mucho antes en el caso de *Rodríguez* v. *Sepúlveda,* 19 D.P.R. 1169, 1170, citado con aprobación en el de *Hull* v. *Corte,* 42 D.P.R. 151, 153, había dicho:

"Los otros actos de los cuales se queja son resoluciones relativas a la suficiencia en derecho de los hechos admitidos en las alegaciones, que den derecho a los demandantes a obtener una sentencia a su favor. La regla es que la resolución de una corte al declarar sin lugar o con lugar una excepción previa no constituye un error de procedimiento, sino que es el ejercicio del criterio judicial al resolver una cuestión de derecho. Tampoco constituye tal resolución de una corte el ejercicio de una facultad discrecional en el sentido de permitir a una parte que caracterice tal acción de abuso de discreción tal como esta frase se entiende en derecho. El juez, en trámites de excepciones previas y los semejantes, tiene que resolver de acuerdo con la ley, y si decide erróneamente comete un error, pero su decisión no es de carácter discrecional."

Jurisprudencia que está ampliamente sostenida por las autoridades del continente. Citaremos algunas:

En *Boone* v. *District Court,* 38 Idaho 688, 224 P. 429, la Corte Suprema del estado resolvió:

"La decisión de una corte al efecto de que no oirá y determinará una causa, bajo la asunción errónea que no tiene la jurisdicción requerida para ello, es equivalente a negarse a ejercitar su jurisdicción, y el *mandamus* procede para obligar a tal corte a tomar jurisdicción del caso."

Refiriéndose a cuándo es procedente el auto de *certiorari,* dice Ruling Case Law, resumiendo la jurisprudencia sobre el particular,

"Además, debe tenerse en cuenta que los oficios del auto de *certiorari* son simplemente determinar la validez de los procedimientos seguidos ante una corte de justicia, porque no se ha cumplido con los requisitos esenciales de la ley, o por falta de jurisdicción por parte de la corte que está entendiendo de ellos. Nunca se ha usado el auto para determinar la corrección de la resolución cuando se ha cumplido con los requisitos de la ley, y cuando la corte tenía jurisdicción y era, por tanto, competente. Así que se ha decidido que la jurisdicción de la corte para revisar por *certiorari* debe restringirse a la validez externa de los procedimientos seguidos en la corte inferior. No puede ejercitarse para revisar la corrección intrínseca de la sentencia recaída, basada en la ley o en los hechos. Los poderes de revisión de la corte no deben confundirse con su jurisdicción apelativa." 5 R.C.L. 251.

Y en el volumen 82 de American Law Reports, págs. 1165, 1158, se encuentra sobre la procedencia del auto de *mandamus,* lo que sigue:

"Procede la expedición de un auto perentorio de *mandamus* para obligar a un juez de una corte de circuito a tomar jurisdicción sobre una causa la cual se negó a oír debido a su creencia errónea al efecto de que no tenía jurisdicción para ello, especialmente cuando, como en el caso de autos, el juez una vez asumió jurisdicción, y su negativa a mantenerla va a resultar perjudicial al interés de las partes envueltas en el caso. *Hargadine-McKittrick Dry Goods Co.* v. *Garesche* (Mo.) 227 S. W. 824."

"Si una corte erróneamente decide como cuestión de derecho que no tiene jurisdicción, y por tanto deniega a un litigante el derecho a ser oído en los méritos y se niega determinar los hechos o a continuar entendiendo del caso, procede el *mandamus* a menos que no exista un remedio adecuado por apelación. . . ." *State ex rel Musselshell County* v. *District Court,* 89 Mont. 531, 300 P. 235.

*Debe anularse el auto expedido y devolverse el expediente original remitido a la corte de distrito de su origen.*

El Juez Asociado Señor De Jesús no intervino.