Pablo Pedroza, peticionario, *v.* Corte de Distrito de Humacao, Hon. Luis Janer, Juez, demandada.

Núm. 1248.—*Sometido:* Mayo 26, 1941. *Resuelto:* Mayo 29, 1941.

*José C. Rivera,* abogado del peticionario; *J. Valldejuli Rodríguez,* abogado de los interventores.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Este es un recurso de *certiorari*. El auto fué expedido y señalada la vista para mayo 26 en curso comparecieron el peticionario por su abogado y Timoteo e Ilustrada Castro y Federico Rodríguez, personas interesadas y afectadas por la resolución que pudiera dictar esta corte, por el suyo. La corte demandada se limitó a remitir por su Secretario los autos originales cuya revisión se pide.

Los comparecientes Castro y Rodríguez pidieron la anulación del auto expedido y la desestimación de plano de la solicitud, entre otros motivos porque el remedio que se ejercita no está autorizado por la ley. Ambas partes fueron oídas sobre el particular y sobre todos los extremos de la solicitud.

Se trata de un caso de desahucio resuelto por sentencia de mayo 17, 1938, en contra de los demandados. Éstos fueron lanzados de la propiedad envuelta—una finca rústica— en septiembre 14, 1940. Cuatro días después el demandante, alegando que los demandados habían ocupado la finca de nuevo, pidió a la corte sentenciadora que ordenara su citación para comparecer ante ella a exponer razones por las cuales no debería castigárseles por desacato.

Accedió la corte. Se citó a los demandados. Comparecieron. Ocurrieron varios incidentes y finalmente la corte, en diciembre 12, 1940, declaró sin lugar la moción del demandante, esto es, no haber lugar a castigar por desacato a los demandados, en resumen, porque "nuestra ley de desahucio no autoriza en ninguna de sus secciones castigar por desacato a un demandado que realice lo que aquí realizaron los demandados. . . . . . Hemos buscado en nuestros estatutos alguna disposición en que pudiera fundarse esta corte para declarar con lugar la moción del demandante, porque creemos que la actitud asumida por los demandados merece en realidad correctivo inmediato, pero esta situación específica no está comprendida como desacato en ninguna de las

disposiciones estatutarias, máxime cuando, aun admitiendo que en una orden de lanzamiento en juicios de desahucio, pudiera conminar la corte a los demandados a no perturbar la posesión del demandante, después de ejecutado el lanzamiento, so pena de incurrir en desacato, no aparece del diligenciado del márshal que en este caso específico se cumpliera con esa parte dispositiva de la orden de lanzamiento.''

De suerte que la corte se declaró sin autoridad de ley para juzgar el caso e imponer la pena que, como desacato, pudieran conllevar los actos imputados a o realizados por los demandados. Siendo ello así, no procede revisar su actuación por medio del auto de *certiorari*, de acuerdo con lo ya resuelto por este propio tribunal. Transcribiremos lo dicho en *Smallwood, etc.* v. *Corte*, 53 D.P.R. 742, 743. Es así:

"Inclinados a resolver por el estudio de los méritos de la cuestión envuelta que el juez estuvo equivocado al interpretar la ley especial sobre la materia—artículo 6 de la Ley núm. 61 de 1916 (pág. 126), tal como fué enmendado por la Ley núm. 40 de 1925—pág. 249—en el sentido de no permitir que se recurriera a la citación por publicación de acuerdo con lo preceptuado en el Código de Enjuiciamiento Civil—artículos 92 y siguientes—en ningún caso nos encontramos que nuestra propia jurisprudencia nos impide seguir adelante dentro de esté recurso de certiorari por no ser dicho recurso el procedimiento adecuado, sino el de *mandamus*.

"En el caso de *El Pueblo* v. *Gaetán, Juez Municipal*, 46 D.P.R. 632, 635, dijo esta corte por medio del Juez Sr. Wolf:

" 'Estamos inclinados a convenir con el Gobierno en que el delito imputado era *misdemeanor*, y en que, de ser susceptible de dos interpretaciones, procedía la acusación por el delito menor.

" 'El apelante sostiene, sin embargo, que no hubo error de procedimiento en la corte municipal, y estamos conformes. La acusación fué radicada oportunamente, y se presentó una excepción perentoria, que fué vista. La corte municipal pudo o no estar equivocada al declararse sin jurisdicción, pero meramente decidió la cuestión que tenía ante sí.

" 'Más bien creemos que el mandamus hubiera sido el remedio adecuado para obligar a la corte municipal a conocer del caso.

Cuando esta Corte denegó la apelación en un procedimiento de desahucio, el mandamus fué el remedio invocado. *Petition of Zeno,* 14 F. (2d) 418.'

"Y mucho antes en el caso de *Rodríguez* v. *Sepúlveda,* 19 D.P.R. 1169, 1170, citado con aprobación en el de *Hull* v. *Corte,* 42 D.P.R. 151, 153, había dicho:

" 'Los otros actos de los cuales se queja son resoluciones relativas a la suficiencia en derecho de los hechos admitidos en las alegaciones, que den derecho a los demandantes a obtener una sentencia a su favor. La regla es que la resolución de una corte al declarar sin lugar o con lugar una excepción previa no constituye un error de procedimiento, sino que es el ejercicio del criterio judicial al resolver una cuestión de derecho. Tampoco constituye tal resolución de una corte el ejercicio de una facultad discrecional en el sentido de permitir a una parte que caracterice tal acción de abuso de discreción tal como esta frase se entiende en derecho. El juez, en trámites de excepciones previas y los semejantes, tiene que resolver de acuerdo con la ley, y si decide erróneamente comete un error, pero su decisión no es de carácter discrecional.'

"Jurisprudencia que está ampliamente sostenida por las autoridades del continente. Citaremos algunas:

"En *Boone* v. *District Court,* 38 Idaho 688, 224 P. 429, la Corte Suprema del Estado resolvió:

" 'La decisión de una corte al efecto de que no oirá y determinará una causa, bajo la asunción errónea que no tiene la jurisdicción requerida para ello, es equivalente a negarse a ejercitar su jurisdicción, y el mandamus procede para obligar a tal corte a tomar jurisdicción del caso.'

"Refiriéndose a cuándo es procedente el auto de certiorari, dice Ruling Case Law, resumiendo la jurisprudencia sobre el particular,

" 'Además, debe tenerse en cuenta que los oficios del auto de certiorari son simplemente determinar la validez de los procedimientos seguidos ante una corte de justicia, porque no se ha cumplido con los requisitos esenciales de la ley, o por falta de jurisdicción por parte de la corte que está entendiendo de ellos. Nunca se ha usado el auto para determinar la corrección de la resolución cuando se ha cumplido con los requisitos de la ley, y cuando la corte tenía jurisdicción y era, por tanto, competente. Así que se ha decidido que la jurisdicción de la corte para revisar por certiorari debe restringirse a la validez externa de los procedimientos seguidos en

la corte inferior. No puede ejercitarse para revisar la corrección intrínseca de la sentencia recaída, basada en la ley o en los hechos. Los poderes de revisión de la corte no deben confundirse con su jurisdicción apelativa.' 5 R.C.L. 251.

"Y en el volumen 82 de American Law Reports, págs. 1165, 1158, se encuentra sobre la procedencia del auto de mandamus, lo que sigue:

" 'Procede la expedición de un auto perentorio de mandamus para obligar a un juez de una corte de circuito a tomar jurisdicción sobre una causa la cual se negó a oír debido a su creencia errónea al efecto de que no tenía jurisdicción para ello, especialmente cuando, como en el caso de autos, el juez una vez asumió jurisdicción, y su negativa a mantenerla va a resultar perjudicial al interés de las partes envueltas en el caso. *Hargadine-McKittrick Dry Goods Co.* v. *Garesche,* (Mo.) 227 S. W. 824.'

" 'Si una corte erróneamente decide como cuestión de derecho que no tiene jurisdicción, y por tanto deniega a un litigante el derecho a ser oído en los méritos y se niega determinar los hechos o a continuar entendiendo del caso, procede el mandamus a menos que no exista un remedio adecuado por apelación. . . .' *State ex rel Musselshell County* v. *District Court,* 89 Mont. 531, 300 P. 235.

"Debe anularse el auto expedido y devolverse el expediente original remitido a la corte de distrito de su origen.''

*Igual resolución es la que procede y debe dictarse en este caso.*